**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| Stewarts Complete Logistics, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Pilot Travel Centers, LLC, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 2:26-cv-114 |

**RULE 26 INSTRUCTION ORDER**

This Order provides instructions to the parties regarding discovery obligations and case management procedures. Plaintiff's counsel or, if applicable, the pro se plaintiff, is **ORDERED** to serve a copy of this Order on all parties without delay.

## I. Rule 26(f) Conference

The parties shall conduct a conference in accordance with Federal Rule of Civil Procedure 26(f) within the timeline established in LR Civ. 26(a)(2) (i.e., in cases originally filed in this Court, within 28 days from the date of the first filed answer; in removed cases, within 28 days of removal).

Preferably, the Rule 26(f) conference will be held in person, but it may also be conducted by video conference or telephonically. Conferral only by email or written

communications is not sufficient. The conference should include all unrepresented parties and counsel for all represented parties.

At the Rule 26(f) conference, the attendees must have a comprehensive discussion and must approach the meeting in good faith and with cooperation. At a minimum, the conference attendees shall discuss all topics listed in Federal Rule of Civil Procedure 26(f)(2)–(3) and:

1. Jurisdiction and immunity issues.
2. Potential issues regarding the preservation, collection, and production of electronically stored information.
3. Whether any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1).
4. The likelihood of inspections of land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2).
5. The likelihood of physical or mental examinations under Federal Rule of Civil Procedure 35.
6. Whether any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i).
7. Potential difficulties or challenges regarding expert discovery.
8. The likelihood of substantial discovery from any individual or entity that is not a party to this action (i.e., non-party discovery issues).
9. Potential issues regarding claims of privilege, confidentiality, or protection. The attendees are encouraged to discuss stipulations under Federal Rule of Civil Procedure 29. Typically, the Court will not enter protective orders unless there is a dispute.
10. Potential issues related to personally identifiable information, medical records, and other protected health information.

## II. Rule 26(f) Report

Within 7 days of the conference, the parties must jointly submit a report in accordance with Federal Rule of Civil Procedure 26(f). LR Civ. 26. The parties shall work together to prepare the report. The parties shall work together to agree on a schedule that will facilitate resolution of the case with minimum expense and delay.

The parties shall use the Rule 26(f) report form for use in Judge Wood/Judge Cheesbro cases. The form is available on the Court's website www.gasd.uscourts.gov under "Forms." The parties should use that form, as well as this Instruction Order, to guide their discussion at the Rule 26(f) conference. When using this fillable Word document, the parties shall follow the Court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, available on the Court's website. Counsel shall not print and then scan the Rule 26(f) report before filing but shall, instead, convert the completed report into a text-searchable PDF for filing.

## III. Scheduling Conference

The Court may hold a scheduling conference after receipt of the parties' Rule 26(f) report. At a scheduling conference, the Court will discuss the parties' proposed discovery plan and scheduling order, as well as any issues the parties raise in their Rule 26(f) report. If a scheduling conference is necessary, it will typically be held no more than 20 days after the parties submit the Rule 26(f) report.

## IV. Discovery Dispute Resolution Process

The parties shall follow all of the following steps **before** filing any discovery motion. Discovery motions include motions based on Title V of the Federal Rules of Civil Procedure, including, but not limited to, motions to compel, motions to quash, motions for a protective order, disputed motions for extensions of time to conduct discovery, disputed motions for examination, and motions for discovery sanctions.

**Step One.** The parties must attempt to informally resolve any discovery dispute before seeking Court intervention. Therefore, the parties must fully comply with Rules 26 and 37 of the Federal Rules of Civil Procedure and LR Civ. 26(d) by conferring in good faith in an attempt to resolve the dispute.

**Step Two.** If Step One is unsuccessful, the parties shall schedule a telephonic conference with the assigned magistrate judge to try to resolve the discovery dispute before filing any motions. The parties may schedule a conference by contacting the magistrate judge's courtroom deputy.

**The parties must exhaust the first two steps of the process before filing any motions with the Court.**

**Step Three.** If the dispute remains unresolved after Step Two, the Court will consider whether to authorize the party to file a discovery motion. If a motion is allowed, the moving party shall submit the appropriate certifications to the Court. See Fed. R. Civ. P. 26 & 37.

The Court will not consider any discovery motion unless the parties have made a sincere, good-faith effort to resolve the dispute **and** there has been strict compliance with the process established in this Order. Failure to fully comply with this process may result in a denial of any motion, with prejudice, and may result in an award of costs and reasonable attorney's fees.

**SO ORDERED**, this 26th day of October, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA